## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : | CIVIL ACTION NO. 22-1175 |
| Plaintiff, | : | |
| v. | : | |
| EASTERN MONTGOMERY COUNTY AREA LOCAL 2233, AMERICAN POSTAL WORKERS UNION, AFL-CIO, | : | |
| Defendant. | : | |

## COMPLAINT

Under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 481–483, every union member in good standing is eligible to be a candidate and to hold office, subject to reasonable qualifications uniformly imposed. 29 U.S.C. § 481(e). Defendant Local 2233, Eastern Montgomery County Area, American Postal Workers Union (APWU), violated this mandate during its election of officers conducted on September 26, 2021, when it improperly disqualified a member in good standing as a candidate for president solely because he did not circle the word "accept" on his self-nomination form, which the member otherwise fully completed and in which he plainly manifested his intent to accept his nomination. As a result of Defendant's violation, the president's race was uncontested, and the incumbent president was declared reelected without opposition.

For these reasons, Plaintiff Martin J. Walsh, Secretary of Labor, brings this action under section 402(c) of Title IV of the LMRDA, 29 U.S.C. § 482(c), as applied to Defendant by the Postal Reorganization Act, 39 U.S.C. § 1209(b), for a judgment voiding the September 26, 2021, election of president and directing Defendant to conduct a new election for that position under Plaintiff's supervision.

<u>PARTIES</u>

1.     Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the LMRDA, 29 U.S.C. § 482(b).

2.     Defendant is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the LMRDA, 29 U.S.C. §§ 402(i), (j), 481(b). Defendant maintains its principal office at 1000 Germantown Pike, Bldg. K-2, Plymouth Meeting, PA 19462.

<u>JURISDICTION AND VENUE</u>

3.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

4.     Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

<u>EXHAUSTION OF OTHER REMEDIES</u>

5.     Defendant conducted an election of officers in September 2021, and this election was subject to the provisions of Title IV of the LMRDA, 29 U.S.C. §§ 481–483.

6.      By letter dated October 5, 2021, to Defendant's election committee, Walter Kolecki, a Local 2233 member in good standing, filed an internal protest.

7.      By letter dated October 11, 2021, Defendant's election committee denied Kolecki's protest.

8.      By letter dated October 18, 2021, Kolecki appealed the decision of Defendant's election committee to the APWU National Election Appeals Committee.

9.      By letter dated December 7, 2021, the APWU National Election Appeals Committee denied Kolecki's appeal.

10.     Having exhausted the remedies available and having received a final decision, Kolecki timely filed a complaint with the Secretary of Labor on January 4, 2022. 29 U.S.C. § 482(a)(1).

11.     By letter signed January 31, 2022, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's election of officers be extended to March 28, 2022.

12.     Pursuant to section 601 of the LMRDA, 29 U.S.C. § 521, and in accordance with section 402(b) of the LMRDA, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and found probable cause that a violation of Title IV of the LMRDA, 29 U.S.C. §§ 481–483, occurred that has not been remedied and that may have affected the outcome of Defendant's September 26, 2021, election. That investigation serves as the basis for the averments in this Complaint.

<u>DEFENDANT IMPROPERLY DISQUALIFIED A MEMBER IN GOOD STANDING
FROM SEEKING OFFICE IN ITS 2021 ELECTION</u>

13.    Defendant has approximately 570 members, both retirees and
employees of the U.S. Postal Service in Bucks, Chester, Delaware, and Montgomery
counties in southeastern Pennsylvania.

14.    Between late winter 2021 and early August 2021, Defendant
established an election committee composed of then–maintenance craft director
Howard "Bud" Cauffman as committee chair and then–recording secretary Mary
Krohn as committee member.

15.    Incumbent officers Cauffman and Krohn were eligible under APWU's
constitution and bylaws to serve on Defendant's election committee because neither
officer was running for reelection.

16.    Cauffman agreed to serve on the election committee at the request of
Defendant's president, Charles Kukulski, who was seeking reelection.

17.    In mid-August 2021, Defendant posted a combined nomination and
election notice prepared by Defendant's election committee on the union bulletin
board at each post office.

18.    Regarding nominations, the notice stated, in relevant part:

>   Nominations for the elections of: President [and other offices w]ill be
>   accepted from the floor at the Sunday, September 19, 2021 General
>   Membership Meeting . . . . Members need not be present to be
>   nominated. . . .
>
>   Nominations may also be made in writing and sent to the Recording
>   Secretary, no later than 10:30 A.M. on Sunday, September 19, 2021, at
>   1000 Germantown Pike, Suite K-2, Plymouth Meeting, PA 19462. The
>   Recording Secretary shall read said nomination at the conclusion of
>   nomination from the floor for that office. . . .

Candidates must accept or decline nominations at the nomination meeting or, if not in attendance, submit a written acceptance (Nomination and Acceptance Form) to the Election Committee Chairperson, received no later than September 22, 2021. Nomination and Acceptance forms are available, upon request, from the Secretary-Treasurer.

19.     Defendant subsequently posted a change of date notice, rescheduling the general membership meeting to 10:00 a.m. on September 26, 2021, and extending the due date for the nomination and acceptance form to September 29, 2021.

<u>Defendant's constitution and bylaws require a candidate to be a member in good standing, and Kolecki satisfied this requirement.</u>

20.     Pursuant to article 10, section 1, of APWU's constitution and bylaws and article VII, section 2.A.1, of Defendant's constitution and bylaws, the only substantive eligibility requirement to run for a Local 2233 officer position is that the candidate be a member in good standing of the local union.

21.     Article VII, section 4, of Defendant's constitution and bylaws governs Defendant's nomination procedures.

a.     Section 4.A.1 specifies that officer nominations are to be held at Defendant's September membership meeting but that "[m]embers need not be present to be nominated."

b.     Section 4.B.1 provides as follows: "Any member may nominate any member or nominate himself/herself to any office in the general election. Written nominations shall be submitted to the Recording Secretary, who shall read said nominations at the conclusion of nominations from the floor for that office."

- 5 -

    c.      Section 4.C.1 provides as follows: "All members nominated as candidates must submit to the Election Committee an 'Acceptance of Nomination'. Said acceptance shall be in the form of a petition provided by the Secretary-Treasurer to any member upon request[.]"

    d.      Section 4.D.1 provides as follows: "Any member nominated for more than one office/position in the general election must declare only one office/position he/she is a candidate to be elected on the 'Acceptance of Nomination' Form."

    e.      Section 4.D.1 also specifies that the "'Acceptance of Nomination' Form" is due to the local election committee within three days after the September meeting at which nominations are held.

    f.      Section 4.D.2 provides as follows: "Any/all members who nominate any/all other members for any/all offices/positions shall be charged with the obligation of notifying said nominees with regard to said nominees' responsibility to accept nomination."

22.    At all relevant times. Kolecki was a member in good standing of Defendant.

<u>Kolecki submitted three letters to the election committee that communicated his intent to run for office.</u>

23.    On September 26, 2021, Kolecki arrived at the union hall just before Defendant's membership meeting began at 10:00 a.m.

24.    At the union hall on September 26, 2021, Kolecki handed local election chair Cauffman and election committee member Krohn each an envelope containing three signed letters addressed to the election committee.

25.    In his first letter Kolecki stated: "I Walter S Kolecki nominate Walter S Kolecki for the position of President in the EMCAL [Eastern Montgomery County Area Local] general election of 2021. I Walter S Kolecki accept the nomination for the position of President in the EMCAL general election of 2021."

26.    In his second letter, Kolecki stated his intention to be present at all phases of the election process and requested the date, time, and location of all upcoming election committee activities.

27.    In his third letter, Kolecki requested one set of mailing labels for Local 2233 members so he could "send out [his] mailing to the membership two days prior to the mailing of ballots."

28.    At some point on September 26, 2021, election committee member Krohn opened the envelope from Kolecki and reviewed the letters.

29.    Election committee chair Cauffman did not open his own envelope until a few days later because he assumed, correctly, that the letters were the same as Krohn's.

<u>Kolecki completed a nomination and acceptance form, except for circling the word "accept," and returned it to the election committee.</u>

30.    At the union hall on September 26, 2021, Kolecki asked Defendant's secretary-treasurer, Don Liefer, for a nomination and acceptance form.

31.    Liefer did not have a nomination and acceptance form to give Kolecki.

32.     Election committee member Krohn gave Kolecki a nomination and acceptance form.

33.     Kolecki completed the nomination and acceptance form and returned it to election committee member Krohn.

34.     Election committee member Krohn signed and dated the form in Kolecki's presence to acknowledge receipt.

35.     Kolecki completed the nomination and acceptance form, shown on the following page, stating that he was nominating himself to run for the office of president and that he wished his name to appear on the ballot as "Walter S Kolecki."

36.     After submitting his nomination and acceptance form to election committee member Krohn, Kolecki left the meeting to travel to his mother's 95th birthday party in another state.

<u>Incumbent Kukulski and challenger Kolecki were nominated for president, and all remaining offices were either uncontested or vacant.</u>

37.     At the membership meeting on September 26, 2021, president Kukulski opened the floor to Defendant's election committee after Defendant's regular business was concluded.

38.     Defendant's election committee wrote each office on the board and asked three times for nominations from the floor.

39.     Two members made nominations from the floor.

G
1/10

APWU/EASTERN MONTGOMERY COUNTY PA AREA LOCAL 2233

Union office phone   (610) 279-7801
Union office fax      (610) 279-7804

1000 Germantown Pike, Bldg. K-2
Plymouth Meeting, PA 19462-2490

## ELECTION NOMINATION & ACCEPTANCE FORM

The election will be by secret ballot by plurality vote using the double-envelope method of voting.
Ballots will be mailed out by October 15, 2021 and must be received by 12 PM noon on November 15, 2021.
The Election Committee at the EMCAL Union Office will count the ballots at 10:00 AM on November 16th, 2021.

The vote shall consist of the following offices:

| | | |
|---|---|---|
| President | Area Business Agents (4) | Clerk Craft Director |
| Vice-President | Director of Human Relations/Organization | Motor Vehicle Director |
| Secretary-Treasurer | Director of Industrial Relations | Maintenance Craft Director |
| Recording Secretary | Sergeant-at-Arms | Trustees (2) |

### WRITTEN NOMINATION FORM
(Deadline for the written nomination will be at the General Membership Meeting on September 19, 2021 at 10:30 AM)

I would like to nominate _WALTER S KOLECKI_, a member in good standing,
                              (Print Nominee's Name)

To run for the office of _PRESIDENT_
                           (Print Office)

It is my responsibility to notify the nominee to send this acceptance form to the attention of the Election
Committee  EMCAL #2233, 1000 Germantown Pike, Suite K-2, Plymouth Meeting, PA  19462.

_WALTER SKOLECKI  92621_
(Print name of nominator and place of work and date mm/dd/yyyy)

### NOMINATION ACCEPTANCE FORM
(Deadline for acceptance of the written nomination will be September 22, 2021.)

            (circle one)
I hereby ACCEPT the nomination for the elected office of _PRESIDENT_.
            DECLINE                                        (Print elected office)

For the Eastern Montgomery County PA Area Local #2233.

I wish my name to appear on the ballot as listed below:

_WALTER S KOLECKI_
(Please print name)

                    Submitted by: _WS Kolecki  92621_
                                   (Signature of Nominee and date)

Received by: _Mary Kuhn  9/26/2021_
             (Election Committee and date   mm/dd/yyyy)

40.    Defendant's election committee then announced to the membership

present all the written nominations that were received, including Kolecki's self-

nomination for president.

41.    All nominees, including the two members who were nominated from

the floor, submitted written nomination and acceptance forms.

42.     Defendant's membership meeting minutes reflect that president Kukulski and Kolecki were nominated for president and that all remaining offices were uncontested or vacant.

43.     Kolecki was not nominated for any office other than president.

<u>Defendant's election committee discovered that Kolecki failed to circle "accept" on his nomination and acceptance form but did not inform Kolecki of the error.</u>

44.     On September 27, 2021, Defendant's election committee met to review the nomination and acceptance forms received at the previous day's membership meeting.

45.     Defendant's election committee confirmed that Kolecki met the good standing candidacy requirement.

46.     Defendant's election committee discovered that Kolecki, unlike all the other nominees, had failed to circle "accept" on his nomination and acceptance form.

47.     Defendant's election committee did not notify Kolecki of the omission until after the nomination and acceptance forms were due on September 29, 2021.

48.     The incumbent officers running for reelection had used the same nomination and acceptance form in at least one prior election.

49.     Kolecki last ran for Local 2233 office in 1999, when no acceptance form was used. When Kolecki last ran for office, the candidate merely wrote on a piece of paper "I accept the nomination for (blank)" and signed the paper before giving it to the election committee.

<u>Kolecki's inquiries following the nominations meeting further confirmed his
intent to accept nomination.</u>

50.    At 12:27 p.m. on September 27, 2021, Kolecki sent an email message to election chair Cauffman and election committee member Krohn. In the message, Kolecki inquired when he could "expect the mailing labels" and asked "if and when you plan to hold a mtg [sic] to go over election rules and procedures with all of the candidates."

51.    Election chair Cauffman received Kolecki's email on September 27, 2021, but never responded.

52.    On or around September 27 or 28, 2021, Kolecki asked secretary-treasurer Liefer if there were any contested positions other than president; he also asked about mailing labels for his campaign literature. Kolecki did not receive direct answers to his questions from Liefer.

53.    At 8:08 a.m. on September 30, 2021, Kolecki sent another email message to election chair Cauffman and election committee member Krohn, noting that he had "not heard anything from you about mailing labels and procedures." In his email, Kolecki stated, "I understand there is only one contested position. This should make for a straightforward election process. Please contact me asap."

54.    From the time Kolecki submitted his nomination and acceptance form to Defendant's election committee on September 26, 2021, until approximately 3:39 p.m. on September 30, 2021, Defendant's election committee did not contact Kolecki.

55.    At 3:39 p.m. on September 30, 2021, election chair Cauffman replied to Kolecki by email. In his email, Cauffman stated that he was "not certain where

[Kolecki] got [his] information concerning contested positions. Close of business on 9/29/2021 was the deadline for mailed nomination/acceptance forms to be received, not even twenty-four hours ago." Cauffman concluded his email by informing Kolecki that he would "be contacted with all pertinent information in the very near future."

<u>Four days later Kolecki learned Defendant deemed him ineligible to seek office, resulting in an uncontested election that allowed president Kukulski to maintain his incumbency.</u>

56.    On October 4, 2021, Kolecki received a letter from Defendant's election committee, dated September 30, 2021, notifying him that he had been ruled ineligible to run for office.

57.    In the letter, Defendant's election committee stated that the election committee had received Kolecki's "written nomination letter" for the upcoming officer election and quoted the nomination acceptance requirements contained in Defendant's constitution and bylaws and set forth in the nomination-election notice. The election committee stated that after reviewing all the nomination and acceptance forms submitted, the committee "discovered the form submitted by [Kolecki] had not declared, either accepting or declining, the nomination." The election committee concluded the letter by stating that the election committee "has determined, in the absence of your declaration, you have not met the Constitutional requirements and you are not an eligible candidate for the upcoming election."

58.    After Defendant's election committee ruled Kolecki ineligible, the president's race was uncontested.

59.     At Defendant's membership meeting on October 16, 2021, Defendant's election committee declared incumbent president Kukulski reelected without opposition.

COUNT I
Violation of Section 401(e) of the LMRDA, 29 U.S.C. § 481(e)

60.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

61.     Section 401(e) of the LMRDA provides, in relevant part, that "every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed)." 29 U.S.C. § 481(e).

62.     Defendant is liable for the violation of Title IV of the LMRDA that occurred during its officer election that Defendant failed to remedy. 29 U.S.C. § 482(b).

63.     Defendant violated section 401(e) of the LMRDA, 29 U.S.C. § 481(e), when its election committee improperly disqualified a member in good standing as a candidate for president solely because he did not circle the word "accept" on the nomination acceptance form required by Defendant.

64.     Defendant's conduct "may have affected the outcome of the election" for president within the meaning of the LMRDA. 29 U.S.C. § 482(c)(2).

65.     Pursuant to section 402(c) of the LMRDA, the Court must therefore declare Defendant's 2021 election for president void and order a new election for president under Plaintiff's supervision. 29 U.S.C. § 482(c).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant:

(a)     declaring Defendant's election for the office of president to be void

pursuant to 29 U.S.C. § 482(c);

(b)     directing Defendant to conduct a new election for the office of president

under Plaintiff's supervision under 29 U.S.C. § 482(c);

(c)     awarding Plaintiff the costs of this action; and

(d)     awarding Plaintiff such other and further relief as the Court deems

just and appropriate.

Respectfully submitted,

Dated: March 28, 2022                 VANITA GUPTA
                                      Assistant Attorney General

                                      LOUIS LAPPEN  Digitally signed by LOUIS
                                                    LAPPEN
                                                    Date: 2022.03.28 18:43:06
                                                    -04'00'
                                      _____
                                      JENNIFER ARBITTIER WILLIAMS
                                      United States Attorney

                                      /s/ Gregory B. David
                                      _____
                                      GREGORY B. DAVID
                                      Assistant United States Attorney
                                      Chief, Civil Division

                                      /s/ Lauren DeBruicker
                                      _____
                                      LAUREN DEBRUICKER
                                      ISAAC J. JEAN-PIERRE
                                      Assistant United States Attorneys
                                      615 Chestnut Street, Suite 1250
                                      Philadelphia, PA 19106
                                      Phone: (215) 861-8492/8372
                                      Email: Lauren.DeBruicker@usdoj.gov
                                              isaac.jean-pierre@usdoj.gov

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

ELEANORE I. SIMMS
Counsel for Labor-Management and Civil Rights Policy

ANNA LAURA BENNETT
Senior Attorney

U.S. Department of Labor